1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND JUSTO KITILYA,                Case No. 2:25-cv-1348-JDP (P)

12              Plaintiff,

13        v.                               ORDER; FINDINGS AND
                                           RECOMMENDATIONS
14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS & REHABILITATION,
15   *et al.*,

16              Defendants.

17

18

19        On August 4, 2025, I screened plaintiff's complaint and dismissed it for failure to state a

20   claim. ECF No. 7. I ordered plaintiff to file, within thirty days, either an amended complaint or a

21   notice of voluntary dismissal of this action. *Id.* Plaintiff failed to comply with that order.

     Therefore, on September 23, 2025, I ordered plaintiff to show cause why this action should not be
22
     dismissed. ECF No. 10. I notified plaintiff that if he wished to continue with this lawsuit, he
23
     must file an amended complaint. I also warned plaintiff that failure to comply with the
24
     September 23 order would result in a recommendation that this action be dismissed. *Id.* Plaintiff
25
     has not responded to the order to show cause, and the time to do so has passed.
26
          The court has the inherent power to control its docket and may, in the exercise of that
27
     power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,
28

                                              1

216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiff failed to respond to the order directing him to file an amended complaint or notice of voluntary dismissal. *See* ECF No. 7. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The September 23, 2025 order expressly warned plaintiff that failure to comply with court orders would result in dismissal. ECF No. 10. Plaintiff had adequate warning that dismissal could result from noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

1    Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district

2    judge to this matter.

3    Further, it is hereby RECOMMENDED that:

4    1. This action be dismissed without prejudice for failure to state a claim, failure to

5    prosecute, and for failure to comply with court orders for the reasons stated in the August 4, 2025

6    order.

7    2. The Clerk of Court be directed to close the case.

8    These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

10   service of these findings and recommendations, any party may file written objections with the

11   court and serve a copy on all parties.  Any such document should be captioned "Objections to

12   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

13   within fourteen days of service of the objections.  The parties are advised that failure to file

14   objections within the specified time may waive the right to appeal the District Court's order.  *See*

15   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

16   1991).

17

18   IT IS SO ORDERED.

19

20   Dated:   December 5, 2025    _____

21                               JEREMY D. PETERSON
                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

3