UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND JUSTO KITILYA,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendant.

Case No.  2:25-cv-1348-DC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

On December 5, 2025, after I ordered plaintiff to file an amended complaint and the deadline passed without him doing so, I recommended that this action be dismissed for failure to prosecute and to follow court orders. ECF No. 11. Ten days later, plaintiff filed an amended complaint. ECF No. 12. Accordingly, I will vacate and withdraw the pending recommendations. After screening the newly filed complaint, I find that it fails to state any cognizable section 1983 claim or to name any viable defendant.

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's amended complaint sues four non-viable defendants.  First, he seeks to sue the California Department of Corrections and Rehabilitation itself.  ECF No. 12 at 2.  A state agency is not a viable defendant in a section 1983 action.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that "a State is not a person within the meaning of § 1983.").  And the other three defendants are federal courts.  He has sued this district court, the Court of Appeals, and the U.S. Supreme Court.  ECF No. 12 at 2.  Federal courts, as part of the federal government, are not "persons" for the purpose of a section 1983 action.  *See Morse v. North Coast Opportunities*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("Finally, we note that Morse's complaint is

2

invalid on its face in its reliance upon § 1983 as a cause of action against alleged federal government actors."); *see also Reinhardt v. Beck*, NO. 1:11-cv-01015-OWW-SKO, 2011 U.S. Dist. LEXIS 68811, *2 (E.D. Cal. Jun. 24, 2011) ("Moreover, the United States District Court is not a 'person' and is not a proper defendant under Section 1983.").

And, even if there were a viable defendant named, the vagueness of plaintiff's claims foreclose advancing past screening. He alleges that this district has deprived him of "natural rights" by ruling against him in another case. ECF No. 12 at 3. Plaintiff also seeks to hold the named courts responsible for his loss of good-time credits, though he offers no specifics as to how the courts violated his rights. *Id.* at 5. By way of relief, he requests one billion dollars and an injunction restoring all lost credit. *Id.* at 6.

These claims are too vague and frivolous to proceed. Even if they were more concretely described, the defendant courts would be entitled to judicial immunity for the adverse decisions that plaintiff presumably is complaining of. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks and citations omitted).

I have already afforded plaintiff an opportunity to amend, and his amended complaint is nowhere near stating a cognizable claim against any viable defendant. Accordingly, I now recommend that this action be dismissed without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend). If plaintiff has other, more specific allegations to make, he shall have a final opportunity to raise them in his objections to these findings and recommendations.

Accordingly, it is ORDERED that the previous findings and recommendations, ECF No. 11, are VACATED and WITHDRAWN.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 12, be DISMISSED without leave to amend for failure to state a cognizable claim.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4